UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HELENE OLBINSKI and HECTOR ROSA BADILLO,<br><br>        Plaintiffs,<br><br>v.<br><br>FEDERATED ADJUSTMENT CO. INC.,<br><br>        Defendant. | Case No. 16-CV-944-JPS<br><br><br><br>**ORDER** |

  On November 29, 2016, the plaintiffs filed a motion for default judgment against the defendant. (Docket #9). The Clerk of Court previously entered default on October 6, 2016. Because the Clerk of Court has entered default against the defendant, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve the plaintiffs of the responsibility to prove up their damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

The plaintiffs claim statutory damages under the Fair Debt Collection Practices Act ("FDCPA") of $1,000.00 each, for a total of $2,000.00 (Docket #9). These amounts are warranted for the defendant's routine violations of the FDCPA. *See* 15 U.S.C. § 1692k; *see generally* (Docket #10). Thus, the Court having determined "that defendant[] [is] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that the plaintiffs' claimed amounts are reasonably certain and well-supported, the Court will now grant the plaintiffs' requested default judgment and award the plaintiffs their requested amounts. *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for default judgment (Docket #9) be and the same is hereby **GRANTED**; the defendant shall pay to the plaintiffs the total sum of $2,000.00 together with post-judgment interest as provided by law and costs as may be taxed by the Clerk of the Court;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED.**

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge